CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 1 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANNA M. CLAYTON, | ) |
| | ) Civil Action No. 7:08-CV-00592 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| JAMES DICKENS and | ) United States District Judge |
| JEMKO TRANSPORT, INC., | ) |
| | ) |
| Defendants. | ) |

This case is presently before the court on a motion to relieve plaintiff's attorney as counsel of record in this case. For the following reasons, the motion will be denied at this time, subject to resubmission upon satisfaction of certain conditions.

**I.**

On August 14, 2008, Anna Clayton, represented by lead attorney Danny Ashwell and the Law Offices of Crandall & Katt, filed a complaint in the Circuit Court for the County of Pulaski. On November 17, 2008, the case was removed to this court on the basis of the parties' diversity of citizenship and trial was scheduled for August of 2009. On July 31, 2009, less than a month before the trial date, the plaintiff filed a motion to dismiss the case without prejudice due to a medical condition. That same day, the defendants filed a motion for sanctions, alleging that the plaintiff had failed to comply with the court's prior discovery order.

After hearing arguments, the court denied the plaintiff's motion for voluntary dismissal but stated that, if the plaintiff furnished sufficient medical evidence, the court would continue the trial to a later date. The court also directed the plaintiff to comply with the court's prior order and to produce bankruptcy records relating to her medical expenses.

On August 7, 2009, the court rescheduled trial for January of 2010 after receiving some evidence from the plaintiff in support of her contention that she would be unable to attend the trial. The court advised the plaintiff, however, that "she must appear and go forward with the trial at that time" and that should she fail to do so, "the case will be dismissed with prejudice for failure to prosecute."

Clayton's attorney has now moved to withdraw as counsel, claiming that withdrawal is necessary pursuant to Rule 1.16(b)(6) of the Virginia Rules of Professional Conduct. He states that they are "unable to reach an agreement in how to prudently proceed with her case" and that, on November 10, 2009, Clayton informed counsel that she was terminating his representation. Clayton's attorney states that, since that date, he has endeavored to secure new representation for Clayton but has been unsuccessful. Because he can no longer provide effective representation, Ashwell, on behalf of Clayton, seeks an order relieving him as counsel of record in this case.

**II.**

Rule 1.16(b)(6) of the Virginia Rules of Professional Conduct permit a lawyer to withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if "other good cause for withdrawal exists." Here, Ashwell indicates that Clayton has terminated his services. He further indicates that there are irreconcilable differences over the proper conduct of the case. Although these reasons indicate that "good cause for withdrawal" may exist, the court is reluctant to grant the motion without receiving Clayton's written consent to Ashwell's withdrawal from this case.

In so determining, the court has taken into account the disruptive impact that granting the motion to withdraw would have on the client, her prosecution of the case, and the effective

2

administration of justice. See Patterson v. Gemini Org., Ltd., No. 99-1537, 2000 U.S. App. LEXIS 29505, at *2 (4th Cir. 2000) (unpublished); Towns v. Morris, No. 93-1295, 1995 U.S. App. LEXIS 5798, at *5-6 (4th Cir. 1995) (unpublished). Especially given this case's history, the length of counsel's representation, the age of the lawsuit, and the fact that this case is scheduled for trial on January 27, 2010, granting the motion to withdraw would be disruptive to the timely resolution of this matter. Therefore, considering the reasons advanced by plaintiff's counsel in support of his motion, and after considering the history of the case and the potential effect of plaintiff's inability to proceed with trial as scheduled, the court will permit current counsel for plaintiff to withdraw upon submission of Clayton's written consent stating her understanding that she must be prepared to proceed with trial on January 26, 2010 with or without counsel. In the alternative, plaintiff's current counsel will be permitted to withdraw if another attorney moves for entry to the case on plaintiff's behalf. As such, counsel's motion to withdraw shall dismissed, subject to resubmission upon satisfaction of these conditions.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

**ENTER:** This 18th day of December, 2009.

_____
United States District Judge